## REED V. REED.

1 RECEIPT BY BAILEE. The bailee of personal property is, by his receipt executed to the bailor, binding himself to account for the same to such bailor, estopped from denying the right of the bailor to the possession.

2. DEFENCE IN REPLEVIN. A defendant in replevin cannot defeat the action of the plaintiff by showing title in a third person not a party to the action. WRIGHT, J., dissenting.

*Appeal from Johnson District Court.*

SATURDAY, DECEMBER 21, 1861.[1]

THE facts are fully stated in the opinion of the court.

*Clark & Bro.* for the appellant.

I. Testimony of a cotemporaneous parol agreement between defendant and Joseph Lambrite was inadmissible to change the legal character of the instrument made by the defendant to plaintiff. *Thompson* v. *Ketchum*, 8 John. 189 ; *Woodbridge* v. *Spooner*, 3 Barn. & Ald. 233 ; *Sands* v. *Wood*, 1 Iowa, 263 ; *Rawson* v. *Walker et al.*, 1 Stark. 361 ; *Mosely* v. *Hanford*, 10 Barn. & Cress. 729 ; *Myers* v.

---

[1] The report of this case did not appear in the 12th volume of Iowa Reports, for the reason that a petition for rehearing, filed by the counsel for the appellant, was pending when that volume was published.

*Sunderland,* 4 G. Greene, 569 ; *Smith* v. *Brown,* 3 Hawks, 580 ; *May* v. *Babcock et al.,* 4 Ohio, 334 ; 1 Phil. Ev., Cow., Hill & Edwards' Notes, 476 ; *Walker & Bros.* v. *Manning, Commissioner,* 6 Iowa, 519.

II. The defendant could not deny the title of the plain- tiff under this instrument, executed by him to the plaintiff; neither could he show title in a third person to defeat the right of the plaintiff to the property. *Hawes et al.* v. *Watson et al.,* 2 Barn. & Cress. 340, (9 Eng. Com. 170) ; *Heenan* v. *Anderson,* 2 Compt. 243 ; *Stewart* v. *Duncan,* 2 Camp. 344 ; *Gosling* v. *Birnie,* 7 Bing. 339 (20 Eng. Com. L. R. 153) ; *Hall* v. *Griffin et al.,* 10 Id. 246 (Eng. Com. L. R. 118) ; Dunlap's Paley's Agency, 10, note *K,* and the authorities there cited ; 24 Wend. 169.

*Clarke & Davis,* for the appellee, in the discussion of the first proposition in the argument for the appellant, cited Chit. Cont. 758 ; Story Cont. 1088 ; *Bowman* v. *Fox,* 3 Iowa, 571 ; *Ring* v. *Ashworth et al.,* Id. 452 ; *Williams* v. *Donaldson,* 8 Ib. 113 and 114 : in the discussion of the second proposition, *Martin* v. *Ray,* 1 Blackf. 291 ; *Rogers* v. *Arnold,* 12 Wend. 30 ; *Harrison* v. *McIntosh,* 1 Johns. 380 ; *Shuter* v. *Page,* 11 Id., 196 ; *Ingraham* v. *Mead,* 1 Hill, 353 ; *Chambers* v. *Hunt,* 3 Harr. 339 ; *Anderson* v. *Talcott,* 1 Gilm. 365 ; *Senicocke* v. *Frederick,* 1 Smith, 64 ; *Scott* v. *Hughes,* 9 B. Mour. 104 ; *Moulton* v. *Bird,* 31 Mo. 296 ; *Edwards* v. *McCurdy,* 13 Ills. 122 ; *Patteson* v. *Adams,* Hill & Denio, 426.

BALDWIN, C. J.— The plaintiff, upon the trial, to sup- port his right to the possession of the property obtained by the writ of replevin issued in this cause, introduced in evi- dence the following receipt, which the defendant admitted was signed by him, to wit : " Received, Iowa City, October 26th, 1858, from Julius A. Reed, Treasurer of the Iowa College, the following described notes and accounts and

personal property, to collect or sell the same, as may best secure the payment thereof, or otherwise as said Julius A. Reed, Treasurer, may from time to time direct, and account to him, the said Julius A. Reed, Treasurer, when called for." A list of notes and accounts and other personal property is given in said receipt, and signed by the defend-ant.

The plaintiff after the introduction of this receipt, and evidence proving a demand, submitted the case to the jury.

The defendant was then introduced as a witness, and tes-tified that the said written instrument read in evidence, was executed by defendant at the urgent request of one Lam-brite, a member of the firm of Burell, Gillett & Co. That the plaintiff, Julius A. Reed, was not present at the time when said receipt was signed, that when it was signed it was given to said Lambrite under an express understand-ing that the same was not to be delivered to the plaintiff until one James K. Mills of Davenport, of whom the de-fendant was the agent, and for whom he held said pro-perty, should receive his pay, being the sum of $1,300; that the said Lambrite delivered said writing to the plaintiff in violation of said express agreement; that the said Mills had not yet been paid; that the defendant was only to ac-count to plaintiff for the property after said Mills had been first paid and satisfied out of it; · that the plaintiff was, at the time of giving said receipt, the Treasurer of Iowa Col-lege, and had succeeded the said Lambrite, who was a defaulter, and indebted to the said College to the amount of about $7,000 and had asked defendant to give such re-ceipt. Defendant further testified that, at the time of mak-ing said receipt, he was the agent of said Mills, and held the property in controversy for said Mills as his agent at the time suit was brought, that he had no authority from said Mills to execute and deliver to the plaintiff any ab-solute receipt for said goods, nor to give the receipt offered

in evidence, and that Mills was still the owner of the said property at the time suit was brought. This testimony was given to the jury, notwithstanding the objections of plain-tiff, to which ruling the plaintiff at the time excepted. The said witness further testified that the property in controversy had been sold by Burell, Gillett & Co., of Davenport, to James K. Mills, of Boston, and by him, through his agent, James K. Mills, of Davenport, to Reed & Downs, of which firm defendant was a member, and by said Reed & Downs to James K. Mills, of Davenport. The records of Johnson county were also introduced, showing such transfers.

The plaintiff relied upon the receipt of defendant, and proof of demand, as sufficient to show his right to the property.

The defendant denied the ownership of plaintiff in the property, and claimed that the said Mills was the owner, and that he, as the agent of Mills, was entitled to such possession.

The plaintiff asked, and the court refused to give to the jury, the following instructions, viz. :

"That by executing the instrument dated Oct. 28th, 1858, the defendant acknowledged the ownership of, and right of possession, on demand, to the property therein specified, in the plaintiff, and cannot in this action defeat the right of the plaintiff to the possession on demand of the property, by showing that James K. Mills was the owner of said property at the time said instrument was given by defendant."

"That by entering into the contract contained in said instrument, the defendant bound himself as a bailee under the plaintiff, and agreed to hold the property specified therein for the use of the plaintiff, the defendant cannot now show that at the time he signed said instrument that he, defendant, was the agent of Mills, and held the property as such agent."

The court, upon its own motion, among other instructions, directed the jury as follows :

" That the receipt introduced, without other evidence, entitles the plaintiff to the possession of the property as between the plaintiff and defendant, but if, at the time of the execution of the receipt, the property belonged to a third person, and the defendant had no authority, as agent of such third person or otherwise, to give such receipt, then the receipt conferred no such right on the plaintiff, and on such a state of facts he would not be entitled to the possession of the property."

The admission of parol testimony to explain or vary the terms of the written instrument offered in evidence, and the giving and refusing to give the instructions asked by plaintiff, are the errors assigned.

The court below, in its instructions, correctly stated that the receipt itself, without any other evidence, would entitle the plaintiff to recover. The defendant, by the execution and delivery of the receipt, admitted that the property belonged to the plaintiff, and that he held the same as his agent or bailee. The defendant, in his answer, fails to aver that there was any fraud or false representations made at the time the receipt was given, nor does he plead the cotemporaneous contract that he seeks to establish by the evidence. The answer merely denies the ownership of plaintiff, and avers the right of possession to be in another. As between the plaintiff and defendant, there is no claim that defendant has the right to the possession in his own behalf, but claims that it is the property of Mills. Conceding that the rule is well settled in many of the states that the defendant in an action of replevin, may plead property in a stranger to the suit, and if such plea is supported by evidence, it is a good defense, yet is this rule applicable to this case, and will it apply under our statute?

Independent of the provisions of our statute, upon the

strength of authorities we would feel disposed to follow this rule, at the same time distrusting its correctness as not founded on very accurate reasoning. "For the plaintiff," says NELSON, J., in *Rogers* v. *Arnold et al.*, 12 Wend. 30, "being in possession of the goods at the time of the caption, which is admitted by the plea, it is difficult to see how the defendant shows a right to the return of the property taken on the replevin by proving a title to it in a stranger."

Under the provisions of the Code in relation to the rights of third parties, and under other well settled maxims of the law, this rule does not apply in this case.

The defendant when he executed the receipt to plaintiff, admitted the rights of possession in the plaintiff, and in order to show that it was the property of a stranger, he now seeks to avoid the effect of his own obligation. Having by his own acts admitted certain rights to the plaintiff, he is thereafter estopped from denying what has been thus admitted. For it is truly said by Chief Justice TINDAL, in the case of *Gosling* v. *Binnie*, 7 Bing. 339 (20 Eng. Com. L. R. 153), where the defendant had orally agreed to hold certain timber for the plaintiff, "This is an action of trover, in which I agree that the question is, whether the plaintiff can show the property to be in himself, as to which, in the present case, the defendant is estopped by his own admissions; for unless they amount to an estoppel, the word estopped may as well be blotted out from the laws."

The defendant does not by his pleading, nor does the counsel claim by his argument, that the defendant in his own right is entitled to the possession of the property. It is claimed by him for Mills, a third party. Section 1999 of the Code provides, that if a third person claim the property he must be made a co-defendant. The object of the defendant by his seeking to avoid the force of his own

agreement, is to show a title in a third party. If this third party claimed the property under our statute, he should have been made a co-defendant. Had this been done, the rule discussed so fully by counsel, in reference to the effect of a cotemporaneous contract being made at the time the receipt was given, might have been applicable.

The court erred in refusing the instructions above set out, asked by plaintiff, as well as in giving the one referred to, upon its own motion.

Reversed.

WRIGHT, J., *dissenting.* — I think the foregoing opinion misconceives the true attitude of the parties, and the law applicable to them.

If plaintiff was not entitled to the possession of this property his action failed. And for this purpose it is immaterial whether the person so entitled was the defendant or a third person. (*Marienthal* v. *Shafer*, 6 Iowa, 223.) Plaintiff recovers upon the strength of his own right. If such right of possession is in a third person, it may be so shown without making him a party. The language of the statute is that such person may be made a party, and not that it is necessary to entitle the defendant to such defense. The statute, as to the defense, does not change the common law. The body and substance of this action lies still in the common law. (*Chadwick* v. *Miller*, 6 Id. 34.)

The defense being available, then, the doctrine of estoppel, in my opinion, has no application. If it has, then a factor, by doing that which he has no power to do, may estop his principal. Will this be claimed? Certainly not; and yet this is, in effect, the doctrine of the opinion of a majority of this court. In the case cited from 20 Eng. C. L. 153, the question was, whether the defendant was bound by admissions, made under the circumstances disclosed, and very different in their character from the one before us, as

will be seen by a reference without recapitulating them. Certainly no case can be found holding the doctrine that if A sells B's property when he has no power, B is estopped thereby from claiming it. As between A and his vendee A may be estopped, but not B. The rule that a factor cannot pledge the goods of his principal has always been strictly adhered to.

In replevin brought to recover the property by the pledgee, can it not be shown that he had no power to make the contract? This will not be denied, certainly. It is a question of power to do the particular act, and this wanting, no rights arise to the pledgee under it. And the rule applies with much more force, where the sale is absolute.

If Mills had been made a party defendant, would it be claimed that he could not show a want of power in John Reed to execute the receipt? And if he could, and if John Reed may defeat plaintiff's action by showing the right of possession to be in a third person, upon what principle is it that he is estopped from showing what Mills might have shown? As to such a question, John Reed stands in the place of Mills.

I do not stop to discuss the question whether the instrument offered in evidence is of such a character as to estop the present defendant from showing the true nature of the transaction, independently of the rights of third persons. The views above suggested are decisive of the case, as I view it, and I need not discuss others. The judgment should be affirmed.