52  195<br>94  594

## BURROWS v. WADDELL AND SCHALLER.

1. **Replevin**: OWNERSHIP: EVIDENCE. In an action of replevin against an officer who held the property under an execution against another than the plaintiff, a petition of intervention was filed claiming it under a bill of sale from the execution defendant. The plaintiff having abandoned the case, *held*, that the defendant could not show title in the plaintiff to defeat the claim of the intervenor.

2. ——: ——: NOTICE. A written notice of the intervenor's ownership, served upon the deputy who levied upon the property, was sufficient.

*Appeal from Sac District Court.*

SATURDAY, OCTOBER 25.

ACTION to recover specific personal property. Trial to the court, judgment for the intervenor and defendant alone appeals.

*Davis & Elwood* and *C. D. Goldsmith*, for appellant.

*Lot Thomas*, for intervenor.

SEEVERS, J.—The plaintiff, in his petition, alleged the property was taken from him by the defendant as sheriff, by virtue of an execution against Thomas H. Burrows. The defendant in his answer justified the taking under the execution.

*1. REPLEVIN: ownership: evidence.*

At this stage the petition of intervention was filed in which the intervenor claimed he was entitled to the possession of the property under a bill of sale, and that he had served a written notice to this effect on the deputy sheriff. The defendant answered the petition and stated the bill of sale "was of no force

and effect, and transferred no title to said Schaller  * *.  That said Tom H. Burrows at the time of making said conveyance had no title or interest in said property; that the same was then, and has ever since been, the property of Maurice Burrows."

The plaintiff seems to have abandoned the case, and the issue between the intervenor and defendant alone was submitted to the court.

The intervenor gave evidence tending to show his right to the possession.  That such evidence was, *prima facie*, sufficient cannot be doubted.  Indeed we do not understand counsel for appellant to claim that the intervenor did not introduce evidence entitling him to recover, but they insist that if the court had not rejected evidence offered by them they could have shown he was not so entitled.

It is not alleged in the answer to the petition of intervention that the bill of sale was fraudulent, but the defendant avers that the property belonged to Maurice Burrows, and he sought to prove this fact.  The court rejected the evidence, and, we think, rightly.  It was no defense under the circumstances of this case to prove such fact.  One or the other of these parties was entitled to the possession.  The plaintiff having abandoned the case the defendant was entitled to the possession under the execution, or the intervenor under the bill of sale.  There was no other issue.

The intervenor, if he succeeded at all, must do so on the strength of his own title and not by reason of the weakness of that of the defendant.

It was held in *Reed v. Reed*, 13 Iowa, 5, that a defendant in replevin could not defeat the plaintiff by showing title in a third person.

The levy was made by a deputy sheriff and written notice of the intervenor's ownership and right to the possession was served on him.  This, under the statute, is sufficient.

2. ——: ——:
notice.

AFFIRMED.