HATTIESBURG AUTO SALES CO. *v.* MORRISON.*

(Division B. Oct. 13, 1924.   Suggestion of Error Overruled Nov. 24, 1924.)

[101 So. 690.   No. 24268.]

BAILMENT.  *Bailee, delivering property to bailor after notice that it was stolen property, liable to owner for its value.*

Where a person is in possession of property delivered for storage, and is notified that the property is stolen property, and a demand is made for its possession by the owner which is refused, and the custodian is then notified not to deliver it to the person storing it, and the property is delivered to the person who first stored it without request or notice to the owner to propound his claim or take appropriate proceedings, and the property is removed and cannot be found, and is a total loss to the owner, the bailee is liable to the owner for its value.

---

*Headnote 1.   Bailments, 6 C. J., section 113.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Action by R. C. Morrison against the Hattiesburg Auto Sales Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*Currie & Smith,* for appellant.

The testimony shows that the agreement with Laurence was the storage ticket and that the storage ticket would get the car. It further appears that the storage ticket or check was delivered to Laurence and that it was expressly understood between the defendant and Laurence that the car should be returned to him and to no one else. The storage ticket is in this language: "Hattiesburg Auto Sales Company Storage Tag, No. 935, no car delivered without this tag." The record further shows that the defendant was not only bound to Laurence by the terms of this storage ticket, but that the defendant expressly agreed with Laurence to return the car to him on delivery of the storage ticket. We submit that this constitutes an express contract between the defendant and Laurence and that the defendant was thereby estopped from questioning the title of Laurence and from delivering the car to any person except Laurence unless upon appropriate process of some court. *Reed* v. *Reed,* 13 Iowa, 5; 33 L. R. A. (N. S.) 695; *Woodley* v. *Coventry,* 9 Jur. (N. S.) 548, 2 Hurlst. & C. 164, 32 L. J. Exch. (N. S.) 185, 8 L. T. (N. S.) 249, 11 Week. Rep. 599. "A bailee having money which, by agreement, he is to deposit to the credit of the bailor, will not be permitted to retain it and compel the bailor to litigate with him the right of some third person to an interest therein, even though the bailee claims to be holding the money as the agent for, and in behalf of, such third person. *Sinclair* v. *Murphy,* 14 Mich. 392." *Swallow* v. *Duncan,* 10 Mo. App. 622; *Witherspoon* v. *Blewett,* 47 Miss. 570.

*Deavours & Hilbun,* for appellee.

The evidence shows beyond doubt that appellant was a bailee for hire of the automobile in question. The car was taken to the garage of appellant by this man Laurence, who had stolen it, and was stored in the garage of

appellant and a storage ticket was issued to him. When appellee found this car the next morning and notified appellant that the car belonged to him and was stolen, it seems that appellant took the position that it did not owe any duty whatever to appellee in the matter; that as the other party held the storage ticket and had paid the storage charges, that whoever presented the ticket would get the car. Appellant in a letter to attorneys for appellee (record p. 29), afterward admitted that this was the position it took in the matter. Therefore there is very little contradiction, if any, in the evidence with respect to the facts in the case. We submit that when appellant received notice that the car belonged to appellee, and was stolen and that the bailor, Laurence, was not the owner of the car, and was requested not to deliver the car to the bailor, that when appellant ignored this notice and declined to hold the property and thereby caused it to be lost to appellee, that appellee has a right of action against appellant for the value of the property so lost to him. 3 R. C. L., sec. 52, p. 130; 6 C. J., sec. 113, p. 1150; *Nanson* v. *Jacob,* 93 Mo. 331, 3 Am. St. Rep. 535; *Dearborn* v. *Union Nat. Bank,* 58 Me. 273; *Phillips* v. *Brigham,* 26 Ga. 617, 71 Am. Dec. 227; *Ala., etc., R. R. Co.* v. *Kidd,* 35 Ala. 209; *Bolling* v. *Kirby,* 90 Ala. 215, 24 Am. St. Rep. 793.

ETHRIDGE, J., delivered the opinion of the court.

The appellee sued the appellant for the value of a certain Buick car described in the declaration, the plaintiff alleging: That he had loaned his car to a certain person for a day or two to be used around Hattiesburg, Miss. That shortly thereafter he had information that said person intended to abscond with said car. That upon receiving such information he, the plaintiff, commenced a diligent search to locate his said car before said party carried out his purpose. That plaintiff did finally find

the car stored in the garage of the defendant in Hatties-
burg, Miss., in which garage said car had been stored by
said person to whom the car had been loaned. Upon find-
ing and identifying said car the plaintiff requested de-
fendant to deliver to him the possession of his said car,
that defendant refused to so deliver said car to the plain-
tiff, and that plaintiff then notified defendant that said
car so held in storage, and which was a Little Six Buick
automobile, the same being No. 28,924, was the property
of the plaintiff and not the property of the person who
left it for storage at defendant's garage. That plaintiff
served notice on the defendant and forbade it to deliver
possession of said automobile to the said person who
stored, it or to any one else, except to plaintiff. That in
disregard of such instructions and the fact that defend-
ant had notice that said automobile did not belong to the
person who stored it and over the protest and objection
of plaintiff, the defendant wrongfully delivered said auto-
mobile to said person who had stored it in defendant's
garage, and said person, after secretly and clandestinely
securing possession of said automobile, absconded and
left the country with it, and although plaintiff has made
diligent search and inquiry he has been wholly unable
to locate his said automobile, wherefore he brings suit and
demands judgment in the sum of five hundred dollars.
The defendant filed a plea of the general issue.

The plaintiff's testimony supported the declaration, he
testifying expressly that he notified the defendant that
the automobile was stolen and that it was the plaintiff's
property, and not the property of the person storing it
in defendant's garage, and that he notified the defendant
not to deliver his said automobile to the person so storing
same. The defendant testified that the said named per-
son came to the garage in company with the plaintiff and
placed the car in the garage as his automobile for the
purpose of having the same repaired; that defendant is-
sued a ticket to said person under the practice and rule

of the defendant by which the defendant had duplicate checks, one of which was delivered to the person storing the automobile and the other attached to the car; that defendant's rule was that it would not deliver any automobile to any person who did not have such duplicate check but would deliver it to whoever presented the duplicate check. The contents of the check, or whatever it was, do not appear in the record other than as stated. Issue was submitted to the jury on proper instructions and the jury returned a verdict for the plaintiff. The facts are therefore established in accordance with the plaintiff's declaration.

It is contended by the appellant, who was defendant below, that defendant was entitled to a peremptory instruction under a rule stated in the brief of appellant as follows:

"A bailee by executing a receipt to the bailor for the bailed property admits the right of possession in the bailor, and is thereafter estopped from denying what has been thus admitted. The bailee cannot thereafter avoid the force of his own agreement by showing title in a third party."

This quotation is an excerpt from 33 L. R. A. (N. S.) 695, which cites *Reed* v. *Reed*, 13 Iowa, 5.

In our opinion the plaintiff was entitled to recover on establishing that he served notice on the defendant before he delivered the property to the alleged bailor, that said property was stolen and belonged to the plaintiff, and that he, the plaintiff, instructed the defendant not to deliver said stolen property to said bailor. Where the property is stolen property, and the fact is made known to the bailee before he delivers custody of the property, and he is requested to retain said property for the plaintiff or his order, the bailee would not be authorized to redeliver the property to the bailor without giving plaintiff notice to appear and contest his claim or to take legal proceedings to establish his claim to the property. In

such case the bailee would retain the property until the issue was settled either by agreement or by appropriate proceedings. The bailor could not acquire title to stolen property, and having no title he could confer none upon the bailee as against the true owner of the property. We think this principle is settled in this state by *Abasi Bros. v. L. & N. R. Co.,* 115 Miss. 803, 76 So. 665, L. R. A. 1918B, 652. Certainly the bailee could justify refusal to deliver property to the bailor under this decision.

*Affirmed.*