## PIELOW et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 26, 1925.)

No. 4347.

**1. Criminal law ⟳562—Conviction for conspiracy to violate National Prohibition Act held not sustainable, in view of use of evidence wrongfully procured.**

Where one of two defendants, convicted for conspiracy to violate National Prohibition Act,[1] admitted ownership of all liquor found and seized on premises searched under void search warrant, and where the other lived on premises so searched, and some of the things admitted in evidence were taken from his possession, held, conviction could not be sustained.

**2. Criminal law ⟳691—That things seized under void search warrant were taken from possession of his sister held not to preclude defendant's objection to their use in evidence.**

That books and papers seized under void search warrant were taken from defendant's sister, in whose possession they had been placed for posting, held not to preclude defendant's objection to their use, for reason that objection to unlawful search and seizure could only be made by person whose premises are invaded.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Edward Wheeler Pielow and Charles Andrew Givens were convicted of conspiracy to violate the National Prohibition Act, and they bring error. Reversed, and cause remanded for new trial.

G. F. Vanderveer and S. B. Bassett, both of Seattle, Wash., for plaintiffs in error.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

GILBERT, Circuit Judge. [1] The plaintiffs in error were found guilty under an indictment which charged them, together with one Hagen, with a conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). In Hagen v. United States (C. C. A.) 4 F.(2d) 801, we held that the search warrant which was issued in this case, and under which certain goods and papers were seized,

---

[1] Comp. St. Ann. Supp. 1923, § 10138¼ et seq.

was absolutely void for want of a proper sustaining affidavit, and the judgment was reversed as to Hagen. The same judgment must be entered as to Pielow and Givens. Pielow resided on the premises which were searched. From his possession were taken some of the things which were admitted in evidence on the trial, and the plaintiff in error Givens assumed responsibility for the ownership of all the liquor that was found on the premises. Timely application was made for the return of the property so taken.

[2] By far the greater portion of the incriminating evidence that was taken upon the search warrant were books and papers obtained from Annie Givens, the sister of the plaintiff in error Givens. She testified that they belonged to Pielow, who had placed them in her possession for her convenience in posting the same. The defendant in error contends that as to those books and papers error cannot be predicated, for the reason that the objection that the premises were unlawfully searched and the seizure unlawfully made could be interposed only by persons whose premises were thus invaded, citing MacDaniel v. United States (C. C. A.) 296 F. 769; United States v. Remus (C. C. A.) 291 F. 501; Hale v. Henkel, 201 U. S. 43, 26 S. Ct. 370, 50 L. Ed. 652. We think the contention is without merit. Pielow lost none of his constitutional rights by entrusting the possession of his books and papers to a clerk to be posted. The Constitution protects against unreasonable search and seizure, not only their "persons" and "houses," but the people's "papers and effects." The record shows also that, aside from the papers so taken from Annie Givens' room, there was taken property in the actual possession of each of the plaintiffs in error who are prosecuting the present writ, and that proof thereof was admitted in evidence over their objection.

The judgment is reversed, and the cause remanded for a new trial.