## UNITED STATES v. PETE.
### Cr. No. 199–53.

United States District Court
District of Columbia, Criminal Division.
March 23, 1953.

On Rehearing April 20, 1953.

Charles M. Irelan, U. S. Atty., and Martin J. McNamara, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Foster Wood, Washington, D. C., for defendant.

LAWS, Chief Judge.

Defendant has filed a motion to suppress evidence which she had admittedly embezzled and turned over to another for safe-keeping. The property was seized in the unlawful arrest of the party to whom defendant had given the property. No search of premises was involved. The question is whether defendant may avail herself of the wrongful seizure from another of property identified as fruits of crime.

By the decision of Jeffers v. United States, 1950, 88 U.S.App.D.C. 58, 187 F.2d 498, affirmed 1951, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59, it is established that the infringement protected against by the Fourth Amendment to the Constitution includes the unlawful seizure of property as well as the illegal search of premises, and that an interest by defendant in the seized property gives rise to the right to invoke the protection of the Amendment. For purposes of the exclusionary rule, the Supreme Court recognized a property right in contraband narcotics, notwithstanding they were subject to forfeiture. This proprietary interest continues when the property is entrusted to another party, Pielow v. United States, 9 Cir., 1925, 8 F.2d 492, and when it is converted to other forms, here checks, bankbooks and an automobile title.

This Court, therefore, is constrained to suppress the use as evidence of the embezzled property unlawfully seized from the party to whom they were entrusted.

■■ Defendant has moved to require the Government to furnish counsel for defendant with copies of statements or confessions made by defendant to police. This is not a right created by Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., defining discovery procedures. Shores v. United States, 8 Cir., 1949, 174 F.2d 838, 11 A.L.R.2d 635. Cases in the District of Columbia have permitted discovery of confessions and statements to the police, 4 Barron & Holtzoff § 2032, p. 126, note 8, but in them the Court deemed it necessary in the interest of justice that defendant should have such discovery. See Shores v. United States, supra, 174 F.2d at page 845. In the present case no showing of necessity has been made.

Motion to suppress granted. Motion to require the furnishing to defendant with copies of statements or confessions made to police is denied.

### On Rehearing

Upon consideration of the Government's motion for rehearing of defendant's motion to suppress evidence, granted by this Court by memorandum opinion dated March 23, 1953, the Court concludes that its order should be vacated and defendant's motion denied.

■ Defendant's standing to challenge the admission of evidence must rest upon a claim of ownership or possession of the property seized. Washington v. United States, 1953, 91 U.S.App.D.C. ——, 202 F.2d 214, and cases cited. Jeffers v. United States, 1950, 88 U.S.App.D.C. 58, 187 F.2d 498, affirmed, 1951, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59, relied upon by the Court in its previous opinion, was based upon a claim of ownership of narcotics declared contraband by statute. Congress thereby intended, it was held, merely to aid in their forfeiture and thereby prevent the spread of traffic in drugs rather than to abolish the exclusionary rule. 342 U.S. at pages 53–54, 72 S.Ct. 93, 96 L.Ed. 59. The exclusionary rule does not enlarge or contract the previously established limits of the class, the victims or persons aggrieved, who may object. 88 U.S.App.D.C. at page 60, 187 F.2d at page 500.

■■ Embezzled property differs in its nature from property declared contraband by act of Congress. It may be, although the Court does not now decide, that there may be a recognizable legal interest in embezzled property, so that a bailee may be estopped to set up title in a third party, Moses v. Taylor, D.C.1888, 17 D.C. 255, 6 Mackey 255, so long as the theft remains undisclosed. See Comments (1922–1923) 32 Yale L.J. 497, Fryer, Readings on Personal Property, 550–551. However, the burden of proof is upon defendant, as the moving party, to establish a proprietary interest. The thief being unmasked and the true owner appearing to assert his claim, no interest can be asserted, the bailee being required to hold for the true owner. Hattiesburg Auto Sales Company v. Morrison, 1924, 136 Miss. 632, 101 So. 690, 43 A.L.R. 147. Therefore, in a motion to suppress evidence, defendant can assert no legal or equitable interest in embezzled property entrusted to a bailee or trustee.

The Court accordingly vacates its order granting defendant's motion to suppress evidence. Defendant's motion to suppress is denied.