UNITED STATES of America

v.

James Butler ELKINS and Raymond Frederick Clark, Defendants.

No. C-18321.

United States District Court
D. Oregon.

July 7, 1961.

C. E. Luckey, U. S. Atty., Portland, Or., for plaintiff.

Walter H. Evans, Jr., Portland, Or., for defendants.

EAST, District Judge.

In the above entitled cause the defendants were convicted by a jury of the charges in the indictment submitted to it. Thereupon, the Court entered its judgment of conviction on May 21, 1957, fining and imprisoning each of the defendants. Subsequently, the cause was appealed to the United States Court of Appeals for the Ninth Circuit and was affirmed (266 F.2d 588). Thereafter, said defendants filed their writ of certiorari to, and which was allowed by, the Supreme Court of the United States.

The Supreme Court, in its 5-4 opinion entered in Elkins et al. v. United States, 1960, 364 U.S. 206, at page 224, 80 S.Ct. 1437, at page 1447, 1453, 4 L.Ed.2d 1669, opined:

"The judgment of the Court of Appeals is set aside, and the case is remanded to the District Court for

further proceedings consistent with this opinion."

As stated in the majority opinion of the Supreme Court:

"The [defendants] were indicted in the United States District Court in Oregon for the offense of intercepting and divulging telephone communications and of conspiracy to do so.[1] Before trial the petitioners made a motion to suppress as evidence several tape and wire recordings and a recording machine, which had originally been seized by [Oregon] state law enforcement officers in the home of [defendant] Clark under circumstances which, two Oregon courts had found, had rendered the search and seizure unlawful.[2] At the hearing on the motion [this Court] *assumed without deciding* that the articles had been obtained as the result of an unreasonable search and seizure, but denied the motion to suppress because there was no evidence that any 'agent of the United States had any knowledge or information or suspicion of any kind that this search was being contemplated or was eventually made by the State officers until they read about it in the newspaper.'" [Emphasis supplied.]

The opinion continues:

"The question is this: May articles obtained as the result of an unreasonable search and seizure by state officers, without involvement of federal officers, be introduced in evidence against a defendant over his timely objection in a federal criminal trial? In a word, we re-examine here the validity of what has come to be called the silver platter doctrine."

The "silver platter" label stems from a phrase first turned in the prevailing opinion in Lustig v. United States, 1949, 338 U.S. 74, 78–79, 69 S.Ct. 1372, 1374, 93 L.Ed. 1819:

"The crux of that doctrine is that a search is a search by a federal official if he had a hand in it; *it is not a search by a federal official* if evidence by state authorities is turned over to the federal authorities on a silver platter." [Emphasis supplied.]

As pointed out in the minority opinion of Elkins v. United States, supra, 364 U.S. at page 233, 80 S.Ct. at page 1453:

"The Court today overturns a rule of evidence always the law and formally announced in 1914 by a unanimous Court including Mr. Justice Holmes and Mr. Justice Hughes. Weeks v. United States, 232 U.S. 383, 398 [34 S.Ct. 341, 58 L.Ed. 652]. The rule has since that time been applied in this Court's unanimous *per curiam* decision in 1925 in Center v. United States, 267 U.S. 575 [45 S.Ct. 230, 69 L.Ed. 795], and for five decades, as a matter of course, in federal prosecutions * * * *"

---

1. 47 U.S.C.A. §§ 501, 605; 18 U.S.C. § 371.

2. " * * * Following an appropriate motion, the Multnomah County District Court held the search warrant invalid and ordered suppression of the evidence. This action came, however, after the return of an indictment by a state grand jury, and the local district attorney challenged the power of the district court to suppress evidence once an indictment was in. Accordingly, the question was later argued anew on a motion to suppress in the Circuit Court for Multnomah County, a court of general criminal jurisdiction.

That court held the search unlawful and granted the motion to suppress. The state indictment was subsequently dismissed.

"During the course of these state proceedings federal officers, acting under a federal search warrant, obtained the articles from the safe deposit box of a local bank where the state officials had placed them. Shortly after the state case was abandoned, a federal indictment was returned, and the instant prosecution followed." Elkins v. United States, 364 U.S. 206, 207, note 1, 80 S.Ct. 1437, 1438, 1453, 4 L.Ed.2d 1669.

as a dictate to the United States District Courts in dealing with the problem here involved.

In declining to rule upon the defendants' motion to suppress under the silver platter doctrine, this Court did not have the temerity of prognosticating what the Supreme Court might hold if it were to review an order either sustaining or denying the motion for suppression, but instead applied the federal law of 50-years' standing of its Circuit and the United States Supreme Court, which, in the language of Mr. Justice Harlan, had:

> "* * * behind it the strongest judicial credentials, the sanction of long usage, and the support of what, in my opinion, is sound constitutional doctrine under our federal scheme of things, * * *" Elkins v. United States, supra, 364 U.S. at page 252, 80 S.Ct. at page 1463.

The Supreme Court has plainly and simply instructed this Court under its remand for "further proceedings consistent with" its opinion to make "an independent inquiry" and ruling upon the defendants' original motion and any supplemental motions to suppress, irrespective of how any prior inquiry of the subject by any state court may have turned out.

It has been stipulated by the parties and their respective counsel of record that the matter should be submitted to the Court upon the record made upon the defendants' motion to suppress without further evidence on behalf of either party. However, the defendants did file herein their amended and supplemental motion to suppress as evidence the above mentioned articles seized by the state officers, wherein the defendants state, *inter alia:*

> "That the articles above enumerated [five reels of magnetic or recording tape on spools and the boxes in which they were contained and the slips of paper which accompanied

them, together with a Minifon recording machine and three spools of Minifon recording machine wire] were in their lawful possession, custody and control on the night of May 17, 1956 [the night of the seizure by state officers] and that *the defendants were the owners of* said * * *" [Emphasis supplied.]

enumerated articles.

 From the foregoing admission of the defendants it is clear, and this Court is of the opinion, that both of the defendants have "standing." [3]

> Where persons claiming ownership of property [Elkins] had entrusted its possession to another [Clark], the latter being the one from whom the property was actually seized, the law is clear that ownership without possession is a sufficient interest to entitle one to object to the seizure. United States v. Jeffers, 1951, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59; Pielow v. United States, 9 Cir., 1925, 8 F.2d 492, and United States v. Lester, D.C.W.D.Pa.1957, 21 F.R.D. 376.

and therefore had a right to pursue the provisions of Rule 41(e) of the F.R.Crim. P., 18 U.S.C. which *inter alia,* provide:

> "A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for the use as evidence anything so obtained on the ground that * * * (3) the property seized is not that described in the warrant, * * *"

which Rule gives vitality and "teeth" to the Fourth Amendment to the United States Constitution, which provides:

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not

---

3. See note 16, Elkins v. United States, supra, 364 U.S. at page 223, 80 S.Ct. at page 1447.

be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly describing* the place to be searched, and the persons or *things to be seized."* [Emphasis supplied.]

It is self-evident that the search warrant issued and which the state officers were executing (and for the purposes of this case, following the dictates of Elkins v. United States, supra, the substituted federal officers), did not particularly describe the "things to be seized," and which were actually seized and herein moved to be suppressed as evidence. Therefore, it is self-evident that the articles seized and admitted in evidence in this case were unlawfully seized by virtue of the search warrant in and of itself. Elkins v. United States, supra.

In view of the holding ultimately to be made in this opinion, it is unnecessary to give a reason for or explain this Court's opinion, which apparently is contra to the opinions of the two state courts mentioned above, that the "substituted federal officers" were lawfully within the premises of Clark for the purpose of lawfully searching for the things described in the warrant to be seized. In other words, this Court would find from the evidence submitted during the hearing upon the motion to suppress and at the trial that the warrant in question was issued upon "probable cause."

Being of this opinion, this Court now inquires as to whether the "substituted federal officers," being lawfully within the premises of Clark, could not legally seize instruments or articles connected with another offense being actually committed on the premises entered and discovered by the searching "federal officers," or of articles of a contraband nature found by the "substituted federal officers." See 4 Wharton's Criminal Law and Procedure, § 1569 (1957). See also, 169 A.L.R. 1419, 1424 (1947).

It is manifest that the articles seized by the "substituted federal officers" and used as evidence in this case are not "articles of a contraband nature." It is also manifest that the five reels of electronic recordings and the written memoranda explaining and describing the contents of the electronic recordings were evidence of unlawful interception of telephonic communications found by the "substituted federal officers" while lawfully within the premises of defendant Clark. However, the mere unlawful interception of telephonic conversations between third parties does not fully constitute the crime prohibited by 47 U.S.C.A. §§ 501, 605. The crime prohibited by these sections consists of two components; first, the unlawful interception of the telephonic conversation and, second, an unauthorized divulgence thereof. It therefore follows that the second element of the crime of unlawful divulgence of the unlawful interception was not had in the presence of the "substituted federal officers." Hence, the crime for which the defendants were indicted, tried, and found guilty, was not committed within the presence of the "substituted federal officers" while lawfully within the premises of the defendant Clark. See Marron v. United States, 1927, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231; Harris v. United States, 1947, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399. As to the trend of the Supreme Court of the United States reversing long-established dictates to the United States District Courts on unlawful searches and seizures, see Mapp v. Ohio, 81 S.Ct. 1684, at page 1690, decided June 19, 1961.

It necessarily follows that under the dictates of Elkins v. United States, supra, the defendants' original motion and amended and supplemental motion to suppress, as aforesaid, should be sustained, and that therefore each of the defendants was convicted upon evidence illegally seized under the Fourth Amendment to the United States Constitution, and this Court is of the opinion that the unlawfully seized articles must be returned to the owners, and it is for them to divide and partition the same between themselves as to their own conscience as being fruits of their nefarious acts of unlawfully invading the privacy of other

persons. The judgment of conviction herein must be set aside and held for naught and each of the defendants granted a new trial under the indictment on file herein.

This Court having heard multiple weeks of testimony upon the original motion to suppress and upon the trial of the cause resulting in the conviction of the defendants, is unable to refrain from quoting from the opinion of Plazola v. United States, 9 Cir., 291 F.2d 56:

"We are constrained here to paraphrase the words of a dissenting opinion filed in the Supreme Court of the United States on February 27, 1961:

" 'Bad men, like good men, are entitled to be tried and sentenced in accordance with law, and when it is shown to us that a person [was unlawfully convicted] our obligation is to direct that proper steps be taken to correct the wrong done, without regard to the character of a particular defendant * * *.' Green v. United States, 1961, 365 U.S. 301, 81 S.Ct. 653, at page 658, 5 L.Ed.2d 670."